No.: 15-13320-BB

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DRUID HILLS CIVIC ASSOCIATION, INC. AND
ROBERT BRUCE MACGREGOR, III

Defendants-Appellants,

v.

ROBERT H. BUCKLER AND
H. ANTHONY MCCULLAR,

Plaintiffs-Appellees.

Appeal from the United States District Court for the
Northern District of Georgia
The Honorable Willis B. Hunt, Jr.
District Court No.: 1:14-CV-00145-WBH

**CORRECTED BRIEF FOR APPELLANTS**

ROBERT A. LUSKIN
GA State Bar No.: 004383
Goodman McGuffey
Lindsey & Johnson
3340 Peachtree Road, N.E.
Suite 2100
Atlanta, Georgia 30326
(404) 264-1500

RUSSELL B. DAVIS
GA State Bar No.: 212660
Downey & Cleveland
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

ROBERT H. BENFIELD, JR.
GA State Bar No.: 050155
Law Offices Of
Robert H. Benfield, Jr.
3445 Peachtree Road, N.E.
Suite 425
Atlanta, Georgia 30326
(404) 846-2121

*Druid Hills Civic Association, Inc. et. al v. Robert H. Buckler, et al.,*
Appeal No. 15-13320-BB

## **APPELLANTS' CERTIFICATE OF INTERESTED PERSON AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to F.R.A.P. 26-1 and 11th Cir. R. 26, Appellants certify that the following is a list of trial judges, attorneys, corporations, and other persons or entities having an interest in this case:

Benfield, Robert H., Jr. (Appellant Druid Hill Civic Association, Inc.'s counsel)

Buckler, Robert H. (Appellee)

Davis, Russell B. (Appellant Robert Bruce MacGregor, III's counsel)

Druid Hills Civic Association, Inc. (Appellant)

Encompass Indemnity Company

Hunt, Hon. Willis B., Jr.

Ford, James L. (Appellees' counsel)

Luskin, Robert A. (Appellant Druid Hills Civic Association, Inc.'s and Robert Bruce MacGregor, III's counsel)

MacGregor, Robert Bruce, III (Appellant)

McCullar, H. Anthony (Appellee)

United States Liability Insurance Company

i

## STATEMENT REGARDING ORAL ARGUMENT

This case presents important constitutional issues relating to the First Amendment's protections for the right to freedom of speech and the right to present grievances to government officials in the context of an action brought pursuant to 42 U.S.C. § 1983 against private party defendants for exercising those First Amendment rights. This case also presents important First Amendment issues related to the reach of 42 U.S.C. § 1988 and F.R.C.P. Rule 11 and the scope of a district court's discretion in light of the unavailability of Georgia's Anti-SLAPP statute (O.C.G.A. § 9-11-11.1(a)) in federal court. Appellants, the Druid Hill Civic Association, Inc. and Robert Bruce MacGregor, III, respectfully request oral argument, which the Private Party Appellants believe would assist this Court in the determination of these issues.

# TABLE OF CONTENTS

Certificate of Interested Parties…………………………………………………...…i

Statement Regarding Oral Argument ………………………………………………ii

Table of Contents …………………………………………………………………..iii

Table of Authorities ………………………………………………………………...v

Statement of Jurisdiction …………………………………………………………...ix

Statement of the Issues …………………………………………………………..…1

Statement of the Case ……………………………………………………………2

    Procedural History………………………………………………………... 2

    Statement of the Facts……………………………………………………...4

    Standard of Review………………………………………………………...7

Summary of Argument …………………………………………………………… 8

Argument and Citation to Authorities……………………………………………… 9

    Introduction………………………………………………………………...9

    I.     Frivolous Claims Not Justified by Mere Desire to Bind……………..12

    II.    Frivolous Claims Defective on Four Dispositive Grounds…………..16

        A.    Section 1988 Award Due to Frivolous Claims………………..22

        B.    Rule 11(b)(2) Award Due to Frivolous Claims………………..29

    II.    Improper Purpose Claims Only Allege
        First Amendment Protected Conduct…………………………………35

    Conclusion …………………………………………………………………40

Certificate of Compliance……………………………………………………….43

Certificate of Service………..………………………………………………… 44

# TABLE OF AUTHORITIES

## Case Law

### Federal Cases

*Atlanta Humane Soc'y v. Harkins,* 278 Ga. 451 (2004)……………………...……..36

*Baker v. Alderman,* 158 F.3d 516 (11th Cir.1998)…………………………23, 31, 33

*Broyles v. Texas*, 2009 WL 2215781 (S.D. Tex. 2009)…………..……………..…16

*Christianburg Garmet Co. v. EEOC*, 434 U.S. 412 (1978)……………….…..22, 23

*Collins v. Walden,* 834 F.2d 961 (11th Cir.1987)…………………………………..30

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990)...........................................16

*Didie v. Howes*, 988 F.2d 1097 (11th Cir. 1993)…………………………………...30

*Dye v. Radcliff*, 174 Fed.Appx. 480 (11th Cir. 2006)………………………………20

*Elrod v. Burns,* 427 U.S. 347 (1976)…………………………………………………37

*Evers v. Custer*, 745 F.2d 1196 (9th Cir. 1984)…..…………………………......21, 22

*Fox v. Vice*, 563 U.S. 826 (2011)……………………………………………….....15

*Greenbriar Village, LLP v. Mountain Brook City*, 345 F.3d 1258 (11th Cir. 2003)..28

*Hampton Bays Connections, Inc. v. Duffy*, 127 F. Supp. 2d 364 (E.D.N.Y. 2001)...37

*Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992)…………………………………20

*Head v. Medford*, 62 F.3d 351 (11th Cir. 1995)......................................10, 25-26, 29

*Hughes v. Rowe*, 449 U.S. 5 (1980)…………………………………………….....22

*Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251 (11th Cir. 2003)………………...31

v

*KTK Mining of Va. v. City of Selma*, 984 F.Supp.2d 1209 (S.D. Ala. 2013)………28

*McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017
(11th Cir. 1992)………………………………………………………………..16

*Natale v. Town of Ridgefield*, 170 F.3d 258 (2nd Cir. 1998)…………………………...28

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)………………………………...36

*Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991)……………………………….39

*Pelletier v. Zweifel*, 987 F.2d 716 (11th Cir. 1993)……………………………………39

*Quitana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005)………………………………….....15

*Royalty Network, Inc. v. Harris*, 756 F.3d 1351 (11th Cir. 2014)……………….35-37

*Sibley v. Levy*, 203 F. App'x 279 (11th Cir. 2006)…………………………………..24

*Snyder v. Phelps,* 562 U.S. 443 (2011)…………………………………………………..36

*Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182 (11th Cir.1985)………...23-25

*Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988)…………………..30

*Thomas v. Early Cnty., GA*, 360 F.App'x 71 (11th Cir. 2010)………………………….16

*United States v. Holzendorf*, 576 F. App'x 932 (11th Cir. 2014)……………………….39

*Westfield Partners v. Hogan*, 740 F.Supp. 523 (N.D. Ill. 1990)………………………..22

*Westfield Partners v. Hogan*, 744 F.Supp. 189 (N.D. Ill. 1990)……...…………….. 22

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000)…………………………………………….37

*Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089 (11th Cir. 1994)…………..33-34

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996)……………….34

*Georgia Cases*

*Café Risque/We Bare All Exit 10 v. Camden County,* 273 Ga. 451 (2001)..............27

*Corey Outdoor Advertising v. Bd. of Zoning Adjustments &c.,*
   254 Ga. 221 (1985)..................................................................................27

*DeKalb County v. Chapel Hill, Inc.,* 232 Ga. 238 (1974).................................28

*RCG Properties, LLC v. City of Atlanta Bd. of Zoning Adjustment,*
   260 Ga.App. 355 (2003)..........................................................................27

*WMM Properties, Inc. v. Cobb County,* 255 Ga. 436 (1986)...........................28

## Constitutional Law

U.S. Const. amend. I ...................................ii, 1, 7, 9-11, 17, 21-23, 33, 35-41

## Statutory Law

### Federal Statutes

28 U.S.C. § 1291....................................................................................ix

28 U.S.C. § 1331....................................................................................ix

42 U.S.C. § 1983..............................................ii, ix, 9, 14, 21-25, 30-32, 39

42 U.S.C. § 1988..................................ii, ix, 3-10, 12-16, 21-25, 29-32, 40

F.R.C.P. Rule 11...............................ii, 3-4, 10, 12-14, 16, 30-31, 33-34, 36-40

F.R.C.P. Rule 11(b)(1)...................... .......................................10, 35, 41

F.R.C.P. Rule 11(b)(2)..................................................10, 29, 30, 35, 40

F.R.C.P. Rule 11(c)(1)....................................................................30, 35

F.R.C.P. Rule 11(c)(2)..................................................10, 29, 30, 35, 41

F.R.C.P. Rule 11(c)(4)...............................................................30

F.R.C.P. Rule 11(c)(5)(A)...........................................................30

F.R.C.P. Rule 12(b)(6)...........................................................4, 24

**Georgia Statutes**

O.C.G.A. § 9-11-11.1(a)........................................................ii, 35

## STATEMENT OF JURISDICTION

Appellees initiated this action pursuant to 42 U.S.C. § 1983, alleging violations of their rights under the United States Constitution. The District Court had jurisdiction under 28 U.S.C. § 1331. The District Court entered an Order dismissing the Appellees' federal claims with prejudice and dismissing the Appellees' pendant state law claims without prejudice. Subsequently, the Appellants filed Motions for Fees and Expenses pursuant to 42 U.S.C. § 1988 and F.R.C.P. Rule 11. The District Court denied said motions. Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction to consider the District Court's Order denying said motions on June 23, 2015 and Appellants filed a timely notice of appeal on July 23, 2015.

## STATEMENT OF THE ISSUES

1.     Whether because the mere desire of a plaintiff to bind a person to the
       outcome in an action does not create a substantive judiciable claim
       against such person as a party defendant in that action, the District
       Court committed legal error by holding the Developer Appellees'
       federal claims were not 'frivolous' for the sole reason that the
       Developer Appellees "would want to name all of the players [in their
       federal action] [ ] so that [the Private Party Appellants] would be
       subject to this Court's order if [the Developer Appellees] had
       succeeded?"

2.     Whether because the Developer Appellees' federal claims against the
       Private Party Appellants had four independently dispositive defects,
       including the one which the District Court had ruled was "so obvious
       that the complaint should be dismissed" rather than be repled a third
       time, the District Court abused its discretion in holding the Developer
       Appellees' federal claims were not 'frivolous?'

3.     Whether because each and every allegation of the Private Party
       Appellees acts complained of are on their face protected by the First
       Amendment right to free speech and right to present grievances to
       government officials, the District Court abused its discretion in

holding the Developer Appellees' federal claims were not maintained

for an 'improper purpose?'

## STATEMENT OF THE CASE

This dispute stems from the Developer Appellees Robert H. Buckler

and H. Anthony McCullar (collectively "Developer Appellees") plan to

subdivide and develop property located in the Druid Hills Historic District in

DeKalb County, Georgia. The Developer Appellees alleged that the Private

Party Appellants Druid Hills Civic Association ("DHCA," a non-profit civic

corporation) and Robert Bruce MacGregor, III ("MacGregor," a private

individual and property owner in the Druid Hills neighborhood)(collectively

with the DHCA "Private Party Appellants") conspired with their elected

county representatives and county employees to prevent the Developer

Appellees from subdividing and developing their property located in the

Druid Hills Historic District.  Doc. 19; see also for extensive litigation

history of prior and pending state court cases Doc. 40-1 at 5-9, Doc. 43 at 2-

5, and Doc. 62 at 12-41 (Exhs. 2 and 3).

## Procedural History

The Developer Appellees filed their Complaint on January 16, 2014.

Doc. 1.  The Private Party Appellants filed their Answer and Motion to

Dismiss the original Complaint on March 18, 2014. Docs. 16 and 17. The Developer Appellees filed their First Amended Complaint on April 3, 2014.

The First Joint Preliminary Report and Discovery Plan was filed on May 2, 2014. Doc. 28.

The Private Party Appellants filed their Motion to Dismiss the First Amended Complaint on July 1, 2014 (Doc. 40-1), the Developer Appellees filed their Response on July 18, 2014 (Doc. 41), and the Private Party Appellants filed their Reply on August 1, 2014 (Doc. 43).

The District Court entered its Order granting the respective Motions to Dismiss filed by the Private Party Appellants, the County Commissioner Defendants (Jeff Rader and Kathie Gannon), and the County Employee Defendants on October 28, 2014, dismissing all the federal claims against all Defendants with prejudice and all the state claims against all Defendants without prejudice. Doc. 52. The Developer Appellees filed no Notice of Appeal of this Order and it is final.

The Private Party Appellants filed their Motions for Fees and Expenses pursuant to 42 U.S.C. § 1988 and F.R.C.P. Rule 11 on November 12 , 2014 (Docs. 54 and 55) , the Developer Appellees filed their Response on November 25, 2014 (Doc. 56), and the Private Party Appellants filed their Reply on December 10, 2014 (Doc. 57) and filed their counsel's

supporting Affidavits for fees and expenses on December 12, 2014 (Docs. 58-60).

The Developer Appellees filed their Motion for Leave to File Surreply Brief and Brief in Support on December 16, 2014 (Doc. 61) and the Private Party Appellants filed their Response on December 22, 2014 (Doc. 62).

The Developer Appellees filed their Provisional Request for a Hearing and Discovery on the Private Party Appellants' F.R.C.P. Rule 11 Motion on December 30, 2014 (Doc. 63), the Private Party Appellants filed their Response on January 13, 2015 (Doc. 64), and the Developer Appellees filed their Reply on January 21, 2015 (Doc. 65).

The District Court entered its Order denying the Private Party Appellants Motions for Fees and Expenses pursuant to 42 U.S.C. § 1988 and F.R.C.P. Rule 11 on June 23, 2015 (Doc. 66), and the Private Party Appellants filed their Notice of Appeal of said Order on July 23, 2015 (Doc. 67).

## Statement of the Facts

As there was no discovery done in the case, the Developer Appellees introduced no evidence in the case, and all of the Developer Appellees' claims against all defendants were dismissed on F.R.C.P. Rule 12(b)(6) motions, the relevant facts of the case are somewhat circumscribed by the Developer Appellees' allegations in their First Amended Complaint, the

limited evidentiary items submitted by the Private Party Appellants in support of their Motion to Dismiss and later in support of their Motions for Fees and Expenses pursuant to 42 U.S.C. § 1988 and F.R.C.P. Rule 11, and the findings by the District Court in its Orders.

As noted by the District Court in its Dismissal Order, the Property at issue in this litigation is located in the Druid Hills neighborhood of DeKalb County in an area that has been designated a historic district; and to make changes in the exterior appearance of such properties, owners are required to obtain a Certificate of Appropriateness ("COA"). Doc. 52 at 2. The historical legacy which this process is designed to protect is not insignificant. The National Park Service website describes the Druid Hills neighborhood as "one of the major works by the eminent landscape architect Frederick Law Olmsted and his successors, the Olmsted Brothers, and their only such large-scale work in Atlanta." http://www.nps.gov/nr/travel/atlanta/dru.htm; Doc. 40-1 at 6, n. 3. While the Private Party Appellants have opposed the Developer Appellees' efforts to subdivide and develop the property without first obtaining a COA, the District Court found "no indication that any Defendant engaged in self-dealing or graft or was motivated by anything other than a principled opposition to [the Developer Appellees'] plans." Doc. 52 at 7.

There were a total of five legal theories of liability in the Developer Appellees' action. Of these, there were *three primary claims*: (1) Claim I – Civil Rights (Title 42 U.S.C. § 1983)[Doc. 19, ¶¶ 61-66]; (2) Claim II – Interference with Property Enjoyment (Ga. Const. Art. I, § I, ¶ II and O.G.C.A. § 51-9-1)[Doc. 19, ¶¶ 67-74]; and (3) Claim III – Abusive Litigation (O.G.C.A. § 51-7-81)[Doc. 19, ¶¶ 75-79], and *two derivative claims*: (4) Claim IV – Punitive Damages (O.G.C.A. § 51-12-5.1)[Doc. 19, ¶¶ 80-81] and (5) Claim V – Bad Faith/Attorney's Fees and Litigation Expenses (O.G.C.A. § 13-6-11)[Doc. 19, ¶¶ 82-83].

The Developer Appellees' specific allegations in support of the above claims are found within the "Factual Background" section of their Amended and Restated Complaint (Doc. 19, ¶¶ 12-60), as the rest of the Amended Complaint (Claims I – V and Prayer for Damages sections) contains only generic allegations or legal conclusions. (For the convenience of the District Court and now for use here, the Private Party Appellants distilled these allegations to their factual content, sorted them by direct acts attributed by the Developer Appellees to each Defendant, and listed them in chronological order. Doc. 40-2 (Exh. A).

All allegations made against the Appellants DHCA and/or MacGregor related entirely to said Private Party Appellants' opposition to the Appellee'

attempts to subdivide and develop their property within the Druid Hills Historic District without first obtaining a COA from the DeKalb County Historic Preservation Commission. In sum and substance, the Developer Appellees' allegations were that the Appellants DHCA and MacGregor expressed their opposition through (1) appearances before DeKalb County's lower tribunals, (2) appearances before or filings in DeKalb County Superior Court, or (3) requests made of DeKalb County officials or employees. Doc. 62 at 9-11 (Exh. 1)[Outline of Allegations Against Private Party Defendants & First Amendment Protections].

At the time the Developer Appellees filed their federal action and continuing through the date of its dismissal by the District Court and thereafter, the *Subdivision Sketch Plat* (subdivision of the property) and *Land Development Permit* (development of the property) were and remained challenged in two prior pending state court actions filed by the instant Appellant DHCA. Doc. 40-1 at 5-9; Doc. 43 at 2-5; Doc. 62 at 12-27, Exh. 2 (Sketch Plat Challenge State Court Action) and at 28-41, Exh. 3 (Land Development Permit Challenge State Court Action).

## Standard of Review

The standard of review for the denial of a Motion for Fees and Expenses pursuant to 42 U.S.C. § 1988 and F.R.C.P. Rule 11 is an abuse of

discretion, but "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990)[F.R.C.P. Rule 11]; see also *Head v. Medford*, 62 F.3d 351, 354 and 356 (11th Cir. 1995)[42 U.S.C. § 1988]; and *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994)[F.R.C.P. Rule 11].

## SUMMARY OF ARGUMENT

First, because the mere desire of a plaintiff to bind a person to the outcome in an action does not create a substantive judiciable claim against such person as a party defendant in that action, the District Court committed legal error by holding the Developer Appellees' federal claims were not 'frivolous' for the sole reason that the Developer Appellees "would want to name all of the players [in their federal action] [ ] so that [the Private Party Appellants] would be subject to this Court's order if [the Developer Appellees] had succeeded." Second, because the Developer Appellees' federal claims against the Private Party Appellants had four independently dispositive defects, including the one which the District Court had ruled was "so obvious that the complaint should be dismissed" rather than be repled a third time, the District Court abused its discretion in holding the Developer Appellees' federal claims were not 'frivolous.' Third, because each and

every allegation of the Private Party Appellees acts complained of are on their face protected by the First Amendment right to free speech and right to present grievances to government officials, the District Court abused its discretion in holding the Developer Appellees' federal claims were not maintained for an 'improper purpose.'

## ARGUMENT AND CITATION OF AUTHORITY

### INTRODUCTION

At the heart of the Motions for Fees and Expenses by the Private Party Appellants is that all of the allegations which the Developer Appellees made against these Private Party Appellants were for direct acts that are protected by the *First Amendment right of **expression** and right to **present grievances to government officials***.

The Developer Appellees entered federal court under the sheep's cloak of a federal civil rights statute intended to vindicate citizens' constitutionally protected rights, but heedless of the significant expenditure by others of judicial and legal resources during the year this matter was litigated, the Developer Appellees used their bald SLAPP[1] action to pervert the purpose of the 42 U.S.C. § 1983 ("Section 1983") in order to trumpet

---

[1] The abbreviation of "Strategic Lawsuit Against Public Participation."

"nonexistent property interest[s]" and trample the constitutionally protected First Amendment rights of the Private Party Appellants. *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995). Certainly, such a case was appropriate for dismissal, which the District Court did. But where claims such as these were so obviously frivolous and advanced for improper purpose, there should also be consequences.

Title 42 U.S.C. § 1988 ("Section 1998") and F.R.C.P. Rule 11 ("Rule 11") provide federal courts with the authority to impose such consequences. Both Section 1988 and Rule 11(b)(2) provide for the award of reasonable attorney's fees and expenses to a prevailing defendant were a plaintiff's claims are **"frivolous."** Rule 11(b)(1) provides for the award of reasonable attorney's fees and expenses where a plaintiff's claims were made for an **"improper purpose."** Accordingly, the Private Party Appellants moved for an award of reasonable fees and expenses in the District Court because the Developer Appellees federal claims were frivolous (Section 1988 and Rule 11(b)(2)) and made for an improper purpose (Rule 11(b)(1)). Docs. 54, 55, 57-60.

The District Court denied the Private Party Appellants' Section 1988 and Rule 11 Motions and here said Appellants appeal that ruling. Docs. 66 and 67. First, because the mere desire of a plaintiff to bind a person to the

outcome in an action does not create a substantive judiciable claim against

such person as a party defendant in that action, the District Court committed

legal error by holding the Developer Appellees' federal claims were not

'frivolous' for the sole reason that the Developer Appellees "would want to

name all of the players [in their federal action] [ ] so that [the Private Party

Appellants] would be subject to this Court's order if [the Developer

Appellees] had succeeded." Doc. 66 at 2. Second, because the Developer

Appellees' federal claims against the Private Party Appellants had four

independently dispositive defects, including the one which the District Court

had ruled was "so obvious that the complaint should be dismissed" rather

than be repled a third time, the District Court abused its discretion in holding

the Developer Appellees' federal claims were not 'frivolous.' Doc. 52 at 1.

Third, because each and every allegation of the Private Party Appellees acts

complained of are on their face protected by the First Amendment right to

free speech and right to present grievances to government officials, the

District Court abused its discretion in holding the Developer Appellees'

federal claims were not maintained for an 'improper purpose.'

For the reasons discussed further below, and those which were

actually expressed by the District Court in dismissing the Developer

Appellees' claims on one of the dispositive defects, the Private Party

Appellants respectfully request that this Court reverse the District Court's denial of the Appellants' motions for an award of monetary sanctions against the Developer Appellees and their counsel as authorized by to Section 1988 and Rule 11.

**I.** ***FRIVOLOUS CLAIMS NOT JUSTIFIED BY MERE DESIRE TO BIND.* BECAUSE THE MERE DESIRE OF A PLAINTIFF TO BIND A PERSON TO THE OUTCOME IN AN ACTION DOES NOT CREATE A SUBSTANTIVE JUDICIABLE CLAIM AGAINST SUCH PERSON AS A PARTY DEFENDANT, THE DISTRICT COURT COMMITTED LEGAL ERROR BY HOLDING THE DEVELOPER APPELLEES' FEDERAL CLAIMS WERE NOT 'FRIVOLOUS' FOR THE SOLE REASON THAT THE DEVELOPER APPELLEES "WOULD WANT TO NAME ALL OF THE PLAYERS [IN THEIR FEDERAL ACTION] [ ] SO THAT [THE PRIVATE PARTY APPELLANTS] WOULD BE SUBJECT TO THIS COURT'S ORDER IF [THE DEVELOPER APPELLEES] HAD SUCCEEDED."**

In its Order denying the Private Party Appellants' Section 1988 and Rule 11 Motions for Fees and Expenses, the District Court correctly recognized that (1) the Private Party Appellants "were not the decision makers who prevented the subdivision of the [Developer Appellees'] lots" and (2) the Private Party Appellants "need not have been named as defendants" in the Appellees' federal action. Doc. 66 at 2. The District Court further stated "while [the Private Party Appellants] did not have a valid federal claim, this Court made no judgment regarding the validity of

their state law claims, which may have merit." Id. But then it committed legal error when the **sole reason** it stated for denying the Private Party Appellants' Section 1988 and Rule 11 Motions was that "the Court realizes that [the Developer Appellees] **would want to name all of the *players*** in the denial of their petition to subdivide **so that they would be *subject to this Court's order*** **if [the Developer Appellees] had succeeded.** [Emphasis provided.]" Id.

The Order did provide conclusory statements that "[t]his Court disagrees [that] [the Developer Appellees] and their counsel 'initated and maintained a frivolous, unreasonable, meritless and harassing lawsuit[,]'... [that their] court action... constituted the sort of egregious, abusive, bad-faith conduct required to trigger sanctions or an award of attorney's fees[,]... [and that they] engage[d] in sanctionable behavior." Doc. 66 at 2-3. But the District Court provided no substantive reasons for its conclusions, discussed no statute or case in support of its ruling, and did not address any of the four independently dispositive reasons provided by the Appellees' in their Motion to Dismiss and again in their Fee Motions demonstrating that the Appellees' federal claims were frivolous and brought for an improper purpose.

First, without reference to the Developer Appellees' Complaint and Amended Complaint, it would be possible to read the District Court's Order denying the Fee Motions as implying the Private Party Appellants were only permissive defendants in the Developer Appellees' state law claims who simply "need not have been named" in the federal action. Doc. 66 at 2. And, if so, it would follow that because the Appellants were not Section 1983 defendants, then there would not be a basis for a Section 1988 motion and arguably not a basis for a Rule 11 motion with the state law claims dismissed without prejudice. But that was not the case. The Private Party Appellants were expressly named as defendants in the Developer Appellees' federal claims and the overwhelming proportion of time spent by the Private Party Appellants in this action was defending said claims and getting them dismissed. Doc. 1 at 2-3, 25-27; Doc. 19 at 2-3, 31-34; see also Doc. 62 at 8-11 (Exh. 1).

Second, without reference to the Fee Motions and supporting Affidavits themselves, it would be possible to read the District Court's Order denying said Motions as implying the Motions sought recovery for fees associated with defending the state law claims. But the Fee Motions and the attorney Affidavits in support of said fees expressly noted that the fees sought were exclusively for the time incurred in defending the federal claims.

Docs. 54, 55, 58, 59, and 60. *Quitana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005)[When a frivolous claim is joined with an unsuccessful claim that is not frivolous, the defendant is entitled to a fee award for the fees attributable exclusively to the frivolous claim.]; *Fox v. Vice*, 563 U.S. 826 (2011)[method for allocation of fees between frivolous and non-frivolous claims on defendant's Section 1988 motion].

Third, and most importantly, the sole reason given by the District Court for its denial of the Fee Motions – that the Developer Appellees **"would want to name all of the *players* [in the federal action] so that they would be *subject to this Court's order* if [the Developer Appellees] had succeeded"** – does not illuminate what legitimate substantive legal basis there was upon which the Private Party Appellants could be and were named as defendants in the Developer Appellees' federal claims. Doc. 66 at 2. The mere desire of a plaintiff to bind a person to the outcome in an action does not create a substantive judiciable claim against such person as a party defendant. No law was cited by the District Court in support of its sole reason for denying the Fee Motions and the Private Party Appellants are aware of none.

Stated simply, when it gave the Developer Appellees' mere desire to bind the Private Party Appellants to the outcome of the federal action as the

sole reason for denying the Appellants' Section 1988 and Rule 11 Motions,

the District Court committed clear legal error and an abuse of its discretion.

## II. *FRIVOLOUS CLAIMS DEFECTIVE ON FOUR DISPOSITIVE GROUNDS.* BECAUSE THE DEVELOPER APPELLEES' FEDERAL CLAIMS AGAINST THE PRIVATE PARTY APPELLANTS HAD FOUR INDEPENDENTLY DISPOSITIVE DEFECTS, INCLUDING THE ONE WHICH THE DISTRICT COURT HAD RULED WAS "SO OBVIOUS THAT THE COMPLAINT SHOULD BE DISMISSED" RATHER THAN REPLED A THIRD TIME, THE DISTRICT COURT ABUSED ITS DISCRETION IN HOLDING THE DEVELOPER APPELLEES' FEDERAL CLAIMS WERE NOT 'FRIVOLOUS.'

In its Order dismissing the Developer Appellees' federal claims, it

was not necessary that the District Court reach all issues raised in defense of

said claims because it was "so obvious that the complaint should be

dismissed." Doc. 52 at 1. Nonetheless, as the District Court retained

jurisdiction to decide collateral matters germane to the Private Party

Appellants' Section 1988 and Rule 11 Motions,[2] the Appellants restated

---

[2] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990)["[A] Rule 11 sanction is not a judgment on the action's merits, but simply requires the determination of a collateral issue, which may be made after the principal suit's termination."]; *Thomas v. Early Cnty., GA*, 360 F.App'x 71, 75 (11th Cir. 2010)[district court retains jurisdiction to decide collateral issues related to both Section 1988 and Rule 11 fee motions (reversed district court's denial of defendants' Rule 11 motion in Section 1983 action)]; *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1019 (11th Cir. 1992)[Accord (affirmed grant of defendant's Section 1988 and Rule 11 fee motion in Section 1983 action)]; *Broyles v. Texas*, 2009 WL 2215781, at *6 (S.D. Tex. July 23, 2009) *aff'd*, 381 F. App'x 370 (5th Cir. 2010)["The fact

from their earlier Motion to Dismiss the abject frivolous nature of the

Developer Appellees' federal claims by highlighting the following four ways

in which said federal claims were without a legal basis: (1) Developer

Appellees do not have even under state law a *vested property right* to

subdivide and develop their property; (2) Developer Appellees have no

*constitutionally recognized or protected property* right;[3] (3) the Developer

Appellees made no allegation of and there was no evidence that the Private

Party Appellants acted *under color of state law* by actually joining in the

exercise of official state authority; and, (4) the only direct acts alleged to

have been undertaken by the Private Party Appellants are *protected by the*

*First Amendment.* Each of these flaws is independently fatal to the

Developer Appellees' federal claims.

First, even under Georgia law, the Developer Appellees do not have a

vested property right to subdivide and develop their property because the

lower tribunal decisions (DeKalb County Planning Commission and Zoning

---

that it was not necessary to rule on the state-law claims does not defeat a
finding that the § 1983 and related claims were frivolous."].

[3] This was the only issue reached and discussed by the District Court in its
Order dismissing the Developer Appellees' federal claims. Doc. 52. The
other three independently dispositive issues were neither reached nor
addressed in the District Court's dismissal Order or its Order denying the
Appellants' Section 1988 and Rule 11 Motions. Id.; Doc. 66.

Board of Appeals) upon which the Developer Appellees' rely are not final, but rather are subject to the outcome of two prior and currently pending cases challenging said decisions, Doc. 40-1 at 5-9 (Cases IX and XI); Doc. 43 at 2-5 (same); Doc. 62 at 4-6, 12-41 (same). Further, there is no local ordinance, state or federal statute, state or federal trial court decision, or state or federal appellate decision cited to by the Developer Appellees or known to the Appellants which provides authority for the Developer Appellees' claimed entitlement to subdivide and develop their property within the Druid Hills Historic District without a Certificate of Appropriateness. Id. In actuality, the local ordinance and state appellate authorities indicate otherwise. Doc. 40-1 at 5, n. 2; Doc. 43 at 3-4, n. 2; see also the instant Brief, Section II(A), *infra*. In short, even under Georgia law, the Developer Appellees have no vested property right at issue in this case.[4]

Second, the District Court made it unmistakably clear in its Order of dismissal that the Developer Appellees do not have a constitutionally recognized or protected property right. "[N]o court has recognized such a standalone right in the zoning/land use context." Doc. 52 at 5. Then, after

---

[4] See also **'No State Law Vested Property Right' Issue**. *Appellants' Pleadings*: Doc. 40-1 at 5-9; Doc. 43 at 2-5; Doc. 57 at 1-2, 5-6; Doc. 62 at 4-6, 12-41 (Exhs. 2 and 3); Doc. 64 at 3-4. *Appellees' Pleadings*: Doc. 41 at 4-7; Doc. 56 at 3-7; Doc. 61-1 at 2-4; Doc. 63 at 1-2.

carefully considering each of the three types of constitutionally protected rights which could theoretically be related to a land use claim, the District Court "conclude[d] that [Developer Appellees] have failed to allege facts sufficient to state a claim that their constitutional rights have been violated." Doc. 52 at 10-11; see also the instant Brief, Section II(A), *infra*. But additionally, for all the reasons discussed in the immediately preceding paragraph related to when and how vested rights are created under Georgia law, prominently including the fact that the issuance of both the Sketch Plat and Land Development Permit were and remain subject to challenge in a prior pending actions [Doc. 62 at 4-6, 12-41 (Exhs. 2 and 3)], the Developer Appellees did not have a vested right or clear entitlement to such under state law and never did during the pendency of their federal action.[5]

Third, the Developer Appellees failed to allege that the Private Party Appellants through their actions actually joined in the exercise of official state authority. As succinctly held by the Eleventh Circuit, "a private party does not act under color of state law **merely by calling upon official state authority** when he **does not also join in the exercise thereof**. [Emphasis

---

[5] See also **'No Constitutionally Recognized Property Right' Issue.** *Appellants' Pleadings*: Doc. 40-1 at 9-17; Doc. 43 at 5-6; Doc. 57 at 1-2, 5-7; Doc. 62 at 4-6, 12-41 (Exhs. 2 and 3); Doc. 64 at 3-4. *Appellees' Pleadings*: Doc. 41 at 4-10; Doc. 56 at 3-7; Doc. 61-1 at 2-4; Doc. 63 at 3-5; Doc. 65 at 1-2.

provided.]" *Dye v. Radcliff*, 174 Fed.Appx. 480, 482-483 (11th Cir. 2006); see also Doc. 40-1 at 17; Doc. 43 at 6-12. For the convenience of the District Court, the Private Party Appellants previously attached to their Motion to Dismiss an outline which distilled all the Developer Appellees' allegations to their factual content, sorted them by the direct acts attributed by the Developer Appellees to each Defendant, and listed them in chronological order. Doc. 40-2 (Exh. A)["Outline of Claim Related Allegations"]. As is plain from the Outline of Allegations (whose accuracy the Developer Appellees did not dispute) or from the 45 page Amended Complaint itself (if one was inclined to wade through it without a summary), there is no allegation that the Private Party Appellants enabled or empowered the government Defendants to do anything. Without such "interdependence" of action (as none was even alleged), the Developer Appellees could not possibly satisfy "the nexus/joint action test" required to demonstrate that the Private Party Appellants acted "under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992).[6]

Fourth, all of the direct acts which the Developer Appellees alleged were undertaken by the Private Party Appellants were also acts protected by

---

[6] See also **'No Color of Law Conduct by Private Party' Issue**. *Appellants' Pleadings*: Doc. 40-1 at 17-19; Doc. 43 at 6-12; Doc. 55 at 2-3; Doc. 57 at 5, 7-8. *Appellees' Pleadings*: Doc. 41 at 11-12.

the First Amendment right of expression and right to present grievances to government officials. Importantly, all of these alleged direct acts of opposition by the Private Party Appellants' fall squarely into one or more of the following three categories: (1) appearances before DeKalb County's lower tribunals, (2) appearances before or filings in DeKalb County Superior Court, or (3) requests made of DeKalb County officials or employees. Doc. Doc 62 at 8-11 (Exh. 1)(Outline of Allegations against Private Party Defendants & First Amendment Protections); see also the instant Brief, Section III, *infra*. In turn, such categories of activity plainly are all encompassed within the ambit of the First Amendment's protections.[7]

In another case involving a Section 1983 claim, a First Amendment defense, a county land use dispute, and other facts strikingly similar to the instant matter, the federal appellate court affirmed the district court's Section 1988 award against the plaintiff, noting that the private party defendants' "activity falls within the first amendment's protection of the right to petition the government for redress of grievances. . . . [T]here was no indication that the [private party defendants] were doing anything but exercising their constitutional rights to present their grievances to state officials." *Evers v.*

---

[7] See also **'First Amendment Protection' Issue**. *Appellants' Pleadings*: Doc. 40-1 at 17-19; Doc. 43 at 12-14; Doc. 55 at 2-3, 5; Doc. 57 at 1-3, 8-10, 12-14; Doc. 62 at 3-4, 8-11 (Exh. 1); Doc. 64 at 3-4. *Appellees' Pleadings*: Doc. 41 at 11-12; Doc. 61 at 1-2; Doc. 61-1 at 2; Doc. 63 at 3.

*Custer*, 745 F.2d 1196, 1204 (9th Cir. 1984); see also *Westfield Partners v. Hogan*, 740 F.Supp. 523, 526 and n. 8 (N.D. Ill. 1990)[Section 1983 claims of developer against private defendants dismissed due to First Amendment protections]; *Westfield Partners v. Hogan*, 744 F.Supp. 189 (N.D. Ill. 1990) [Developer Plaintiff and its counsel sanctioned with an award of attorney fees and litigation expenses pursuant to both Section 1988 and Rule 11; Developer Plaintiff's counsel also censured pursuant to Rule 11]; Doc. 40-1 at 17-18 & n. 14; Doc. 43 at 12-14 & n. 8.

To summarize, the above cascade of four independently fatal defects more than amply demonstrates the frivolous nature of the Developer Appellees' federal claims and the reason why a monetary award against the Developer Appellees under Section 1988 here was especially appropriate.

A.   ***SECTION 1988 AWARD DUE TO FRIVOLOUS CLAIMS.*** **THE PRIVATE PARTY APPELLANTS AS THE PREVAILING PARTIES UNDER SECTION 1988 ARE ENTITLED TO AN AWARD OF FEES AND EXPENSES AGAINST THE DEVELOPER APPELLEES BECAUSE THE APPELLEES' FEDERAL CLAIMS WERE OBJECTIVELY FRIVOLOUS DUE TO FOUR INDEPENDENTLY DISPOSITIVE DEFECTS.**

*Section 1988 Standard for Frivolous Claim.*  Pursuant to 42 U.S.C. § 1988(b), "the prevailing party" in a Section 1983 action may be allowed "a reasonable attorney's fee as part of the costs."  Under the *Christiansburg-Hughes* standard, this has been interpreted to mean a prevailing Section

1983 defendant may recover Section 1988 fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. [Emphasis provided.]"[8] *Christianburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). An award may be assessed not only when the plaintiff's claim is found to be "frivolous" at the outset of the litigation, but also when the plaintiff "continued to litigate after it clearly became so." *Christianburg* at 422. Section 1988 fee awards to a defendant are made *against the party plaintiff* (not plaintiff's counsel). *Baker v. Alderman,* 158 F.3d 516, 527 (11th Cir.1998).

Providing more specific guidelines for what constitutes a frivolous claim, this Court has outlined what are often referred to as the *Sullivan* factors:

> In determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." [Cit. omitted.] Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a **prima facie case;** (2) whether the defendant **offered to settle;** and (3) whether the trial court **dismissed the case**

---

[8] It is noteworthy that the rationale supporting this higher standard for a fee award to a government defendant under Section 1988 discussed by the *Christianburg* court is not present in the instant matter, because the Appellants are themselves private actors and the very acts of the Appellants about which the Appellees complain are protected by the First Amendment. *Christianburg* at 418.

> **prior to trial** or held a full-blown trial on the merits. [Emphasis provided.]

*Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985); see also *Sibley v. Levy,* 203 F. App'x 279, 280-81 (11th Cir. 2006)[discusses and applies *Sullivan* factors; affirmed Section 1988 fee award in favor of a Section 1983 private party defendant (sued for having a conversation with two appellate judges during a recess, though content of conversation not heard by plaintiff)].

This instant case satisfied all three *Sullivan* factors: First, the Developer Appellees failed to establish a prima facia case for their federal claims, which the District Court dismissed with prejudice and the Appellees are bound by that ruling, as they apparently found no merit to an appeal of that decision. The Appellees made no prima facia case for their federal claims with regard to their asserted claim for 'constitutionally recognized property interests' (which the District Court expressly found "so obvious[ly]... should be dismissed" that it would be pointless to require them to "replead" for a third time). Doc. 52 at 1. But also, as discussed in detail above, their federal claims were fatally flawed for three other independently dispositive reasons for which they failed to make a prima facia case. Second, it is undisputed that the Private Party Appellants made no offer to settle. Third, it is undisputed that all of the Developer Appellees federal claims were judicially dismissed with prejudice not just before a trial on the merits, but rather at the earliest stage possible-- on Rule 12(b)(6)

motions accepting the second set of repled allegations as true on their face, without the necessity of discovery, and with no evidence submitted by them in support of said allegations.

Using these same *Sullivan* factors, in *Head v. Medford*, 62 F.3d 351, 354 and 356 (11th Cir. 1995), this Court reversed a district court's denial of a Section 1983 defendants' fee motion pursuant to Section 1988 under an abuse of discretion standard.

> Although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered. [ ] Defendants successfully defeated plaintiff's federal constitutional claims on the merits. Merely because plaintiff did not ultimately prevail on her federal claims does not determine that her claims were groundless. **But the assertion of a constitutional claim based <u>knowingly</u> on a <u>nonexistent property interest</u> was legally groundless.** Accordingly, we find that plaintiff's federal due process claims were **legally frivolous as a matter of law**, *Sullivan,* 773 F.2d at 1189, and **defendants are entitled to attorneys' fees in accordance with 42 U.S.C. § 1988**, unless the district court points out special circumstances that justify making no award of fees. [Emphasis provided.]

As the plaintiff's federal claims in *Head* were dismissed after "approximately one year of discovery" and on "summary judgment," whereas the instant Appellees' federal claims were dismissed with "little, if any" discovery and on Rule 12(b)(6) Motions, the instant case presents an even more compelling reason under the *Sullivan* factors for a finding said claims were frivolous. *Head* at 353; Doc. 66 at 3.

More specifically, like the plaintiff in *Head*, the Developer Appellees federal claims here were **"legally groundless"** because they were **"the assertion of a constitutional claim based <u>knowingly</u> on a <u>nonexistent</u> <u>property interest</u>**. [Emphasis provided.]" *Head* at 356.

In response to the Appellants' Motion for Fees, the Developer Appellees reasserted that they had "constitutionally protected interests in the [1] *sketch plat* approval and subsequent [2] *land development permit*," and that "they had a clear entitlement to the land development permit under state law. (Italics provided.)" Doc. 61-1 at 3. But the Appellees did not then and have never cited to any Georgia law which establishes a property right to obtain either a sketch plat or a land development permit in an historic district without a certificate of appropriateness. Doc. 43 at 2-3. There is none.

Moreover, the Developer Appellees failed to disclose in the Joint Preliminary Report of pending related cases (Doc. 28 at 22) and did not acknowledge until their next-to-last post-dismissal pleading in the case (Doc. 63 at 4-5, n. 2) that the sketch plat and land development permit for the property were and remained **subject to challenge filed by the**

**Appellant DHCA in two prior pending state court cases.**[9]  Doc. 28 at

6.  "The validity of [a] permit is not moot because ***improperly issued***

***permits are void and void permits do not vest rights***."  *RCG Properties,*

*LLC v. City of Atlanta Bd. of Zoning Adjustment,* 260 Ga.App. 355, 363,

n. 2 (2003), *citing Corey Outdoor Advertising v. Bd. of Zoning*

*Adjustments &c.,* 254 Ga. 221, 225-226 (1985) and *Café Risque/We Bare*

*All Exit 10 v. Camden County,* 273 Ga. 451, 453 (2001).

    As to the case law the Appellees did cite for general property rights

created by state law, unlike the instant matter, none of the appellate

decisions cited involved plats, permits, or other putative property rights

which were subject to legal challenge from their inception and remained

subject to pending litigation.  But rather all cases cited by the Developer

Appellees involved property rights for which a government entity had

given final approval, there had been no subsequent legal challenge to the

approval, and the government entity thereafter attempted to retract or

---

[9]  Case IX – ***Sketch Plat Challenge*** [Doc. 40-1 at 7-8 and n. 7; Doc. 43 at
3-4 and n. 2; Doc. 62 at 4-6, 12-27 (Exh. 2)(Civil Trial Docket and
*Buckler IV* appellate decision (July 10, 2014))]; Case XI – ***Land***
***Development Permit Challenge*** [Doc. 40-1 at 8-9 and n. 9; Doc. 43 at 4;
Doc. 62 at 4-6, 28-41 (Exh. 3)(Civil Trial Docket and Petition)].  The
pending status of both these prior related state actions could be readily
determined by judicial notice.  Doc. 40-1 at 6, n. 3.

revoke the final approved property interest.[10]    Doc. 61-1 at 3, n. 1.

Indeed, two of the cases cited by Developer Appellees themselves restate

the long established federal law that state or local law "uncertainty" as to

such property rights defeats the existence of a federally protectable

property right. *Greenbriar* at 1265-1266; *Natale* at 264.

In short, neither the *sketch plat* nor the *land development permit* have

ever created a vested property right or clear entitlement under state law

because (1) there is no state law which creates an entitlement for either one

of these in a historic district without a certificate of appropriateness and (2)

both of these were and remain challenged in two prior pending state court

---

[10]    *DeKalb County v. Chapel Hill, Inc.*, 232 Ga. 238, 205 S.E.2d 864
(1974)[final approved rezoning and development plan (county later
adopted an ordinance requiring rezoning application and denied rezoning
application)]; *WMM Properties, Inc. v. Cobb County*, 255 Ga. 436, 339
S.E.2d 252 (1986)[final approved development plan (county later sought
to impose zoning stipulations)];  *KTK Mining of Va. v. City of Selma*, 984
F.Supp.2d 1209, 1216-1217 (S.D. Ala. 2013)[final approved building
permit (city council later sought to revoke building permit)]; *Greenbriar
Village, LLP v. Mountain Brook City*, 345 F.3d 1258, 1260-1262, 1265-
1266 (11th Cir. 2003)[final approved land disturbance permit (city later
amended ordinance to place expiration date on such permits issued
without a time limitation); 1983 claim defeated ("uncertainty in the
existence of a property right… does not add up to a federally protectable
property claim")]; and, *Natale v. Town of Ridgefield*, 170 F.3d 258, 259-
261, 264 (2nd Cir. 1998)[grandfathered nonconforming subdivision (city
later denied building permit based on subsequent 'ungrandfathering'
local regulation); 1983 claim defeated ("uncertainty" as to state and local
law "defeat[s] the existence of a federally protectable property right")].

actions. Consequently, of this action's four independently fatal flaws, **the Appellees' federal claim train *never even left its starting point at the state law station*.** Thus, for same reasons this Court held in *Head* that "the assertion of a constitutional claim based *knowingly* on a *nonexistent property interest* was **legally groundless**," the Developer Appellees' knowing assertion here of its non-existent federally cognizable property interest is at least equally legally groundless and frivolous. *Head* at 356. Actually, their assertion is much more legally groundless because of the three additional dispositive defects, each of which compounds the frivolous nature of the Appellees' federal claims for Section 1988 purposes.

**B.     *RULE 11(b)(2) AWARD DUE TO FRIVOLOUS CLAIMS.* AN AWARD OF FEES AND EXPENSES IS THE APPROPRIATE SANCTION FOR THE DEVELOPER APPELLEES' COUNSEL'S VIOLATIONS OF RULE 11(b)(2) BECAUSE THE DEVELOPER APPELLEES' FEDERAL CLAIMS WERE OBJECTIVELY FRIVOLOUS DUE TO FOUR INDEPENDENTLY DISPOSITIVE DEFECTS.**

*Rule 11(b)(2) Standard for Frivolous Claim.* "By presenting to the court a pleading, written motion, or other paper…[,] an attorney… certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: [ ] the *claims*, defenses, and other legal contentions are *warranted by existing law* or by nonfrivolous argument for extending, modifying, or reversing existing law or for

establishing new law. [Emphasis provided.]" Rule 11(b)(2). Under Rule 11(c)(2) and (4), monetary sanctions are awardable to the "prevailing party" and "movant" for the "reasonable attorney's fees" and "reasonable expenses" "directly resulting from the violation" and "incurred for the motion." But such a monetary award for a Rule 11(b)(2) violation *may only be against an "attorney" or "law firm"* violating said rule (Rule 11(c)(1)), because Rule 11(c)(5)(A) provides that "[t]he court must not impose a monetary sanction... against a represented party for violating Rule 11(b)(2)."

"Under Rule 11, a district judge "shall" or *must* impose sanctions for a violation." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993)[reversed district court's denial of a defendant's Rule 11 motion], *citing Collins v. Walden*, 834 F.2d 961, 964 & n. 2 (11th Cir.1987)[affirmed Rule 11 and Section 1988 fee award to Section 1983 defendant]; see also *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 876 (5th Cir. 1988)["There are no longer any 'free passes' for attorneys and litigants who violate Rule 11. Once a violation of Rule 11 is established, the rule mandates the application of sanctions."].

Much like the analysis of frivolousness under Section 1988, a determination of frivolousness under Rule 11(b)(2) also uses an "objective

standard for testing conduct," adopting a two-step inquiry. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)[affirmed both a Rule 11 and Section 1988 fee award against a Section 1983 plaintiff and his counsel (Rule 11 sanction against party plaintiff was permitted by the version of Rule 11 then in effect)].[11] First, the court must determine "whether the party's claims are objectively frivolous." Id. Second, the court must determine "whether the person who signed the pleadings should have been aware that they were frivolous." Id. *See also Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

---

[11] The *Baker* court noted the three circumstances under which sanctions are to be imposed pursuant to Rule 11. Here, the second circumstance (frivolous claim) noted below is applicable under Rule 11(b)(2) as discussed in this section of this Brief and the third circumstance (improper purpose claim) noted below is applicable under Rule 11(b)(1) as discussed in Section III of this Brief:

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.[44] Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak[45] but appears sufficient, after a reasonable inquiry, to support a claim under existing law.[46] Sanctions may be appropriate when the plain language of an applicable statute[47] and the case law preclude relief.

*Baker* at 524

As to the first step, rather than restate the earlier discussion of the frivolous nature of the Appellees' federal claims, the Private Party Appellants refer the Court to the initial portion of Section II of this Brief addressing the four fatal flaws of said claims in the context of the Appellants' Section 1988 Motion. As to the second step, it is also objectively satisfied because any reasonable attorney who engaged in a cursory investigation of Section 1983 law would have become aware of the four glaring dispositive defects in the federal claims, realized that the allegations drafted by such attorney would not support such federal claims, and understood that suing the Private Party Appellees under Section 1983 would serve no legitimate purpose.

Even if the Appellees' counsel had not done the required pre-filing legal research of Section 1983 law, the Developer Appellees were notified of fatal defects in their federal claims early in this litigation on March 18, 2014 (by letter requesting said claims be withdrawn and by the Appellants' Motion to Dismiss). Doc. 55, Exh. A; Doc. 17; Doc. 40-1. Nonetheless, in the face of the legal authorities provided then and thereafter, the Developer Appellees stubbornly made the deliberate decision to litigate their federal claims full bore until such claims were ultimately judicially dismissed on October 28, 2014.

Using the same two-step inquiry discussed in *Baker*, in *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994), this Court reversed a district court's denial of a defendant's Rule 11 fee motion under an abuse of discretion standard. The plaintiff in *Worldwide* brought a tortious interference with business relationship claim against the defendant for writing letters to one of its customers. Faced with a motion for summary judgment filed on the basis that the letters' contents were true, there were no damages, and the letters were protected by the First Amendment, the plaintiff then moved to dismiss its own action, which was granted. But the district court denied the defendant's Rule 11 motion, adopting the conclusory findings by the magistrate judge that stated: "[T]here is no evidence of record which would support the imposition of Rule 11 sanctions. Defendant has been unable to establish that Plaintiff's Complaint had no reasonable legal basis, had no reasonable factual basis, or was filed for an improper purpose." *Worldwide* at 1091.

In reversing that ruling, this Court undertook and discussed its detailed substantive review and analysis of the applicable law and facts of record, holding: (1) "Contrary to this [lower court] assessment, **the record amply supports the imposition of sanctions because it reflects no basis, either factual or legal, for [the plaintiff's] lawsuit.** [Emphasis provided.]"

- 33 -

Id. (2) "[The plaintiff] could not reasonably have believed, as required by Rule 11, that its claim was well grounded in fact or law. [ ] [The plaintiff] pursued this claim in federal court when **it knew, or should have known, that its claim was legally and factually baseless**[.] [Emphasis provided.]" *Worldwide* at 1093; see also *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996)[affirming district court's award of Rule 11 sanctions on remand].

As in *Worldwide*, the record in this action also "amply supports the imposition of sanctions because it reflects no basis, either factual or legal," for the Developer Appellees' federal claims. *Worldwide* at 1091. And, as in *Worldwide*, the District Court in its Order denying Rule 11 sanctions failed to articulate any applicable law or facts of record which would support the Appellees' federal claims. Doc. 66. Indeed, the instant appeal presents an even more compelling case for Rule 11 sanctions because the District Court's earlier Order dismissing said claims had articulated in detail on at least one of the dispositive defects why it was "so obvious" such claims "should be dismissed." Doc. 52 at 1. Like the *Worldwide* plaintiff, the instant Appellees' counsel certainly knew or should have known the federal claims he filed were legally and factually groundless for each of the four independently fatal flaws.

**III.** *IMPROPER PURPOSE CLAIMS ONLY ALLEGE FIRST AMENDMENT PROTECTED CONDUCT.* **BECAUSE EACH AND EVERY ALLEGATION OF THE PRIVATE PARTY APPELLANTS' ACTS COMPLAINED OF ARE ON THEIR FACE PROTECTED BY THE FIRST AMENDMENT RIGHT TO FREE SPEECH AND RIGHT TO PRESENT GRIEVANCES TO GOVERNMENT OFFICIALS, THEREBY VIOLATING RULE 11(b)(1), THE DISTRICT COURT ABUSED ITS DISCRETION IN HOLDING THE DEVELOPER APPELLEES' FEDERAL CLAIMS WERE NOT MAINTAINED FOR AN 'IMPROPER PURPOSE.'**

*Rule 11(b)(1) Standard for Improper Purpose Claim.* "By presenting to the court a pleading, written motion, or other paper…[,] an attorney… certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: [ ] it is not being presented for any *improper purpose*, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. [Emphasis provided.]" Rule 11(b)(1). The same monetary sanction is awardable under Rule 11(b)(1) as discussed above for Rule 11(b)(2), but it *may be awarded against "any attorney, law firm, or party* that violated the rule or is responsible for the violation." Rule 11(c)(1).

This Court recently reviewed Georgia's Anti-SLAPP statute (O.C.G.A. § 9-11-11.1(a)) to determine its applicability to a federal action in *Royalty Network, Inc. v. Harris*, 756 F.3d 1351 (11th Cir. 2014). It determined that Georgia's anti-SLAPP statute is inapplicable to federal action due to

pleading verification conflict with Rule 11, with Rule 11 apparently serving

as the available substitute First Amendment safeguard in federal court.

Nonetheless, this Court recognized and extolled the high purpose of the

Georgia's anti-SLAPP statute:

> Georgia's anti-SLAPP statute implicates significant constitutional
> guarantees and values of an exceptionally high order; specifically, the
> **right to freedom of speech** and the **right to petition the government
> for redress of grievances.** *See* U.S. Const. amend. I. The Supreme
> Court has repeatedly extolled the importance of the freedom of speech,
> explaining that the First Amendment expresses "a profound national
> commitment to the principle that debate on public issues should be
> uninhibited, robust, and wide-open," *New York Times Co. v. Sullivan,*
> 376 U.S. 254, 270, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964), and that
> "speech concerning public affairs is more than self-expression; it is
> the essence of self-government. Accordingly, **speech on public
> issues occupies the highest rung of the hierarchy of First
> Amendment values, and is entitled to special protection,"** *Snyder v.
> Phelps,* ⸺ U.S. ⸺, 131 S.Ct. 1207, 1215, 179 L.Ed.2d 172 (2011).
> [Emphasis provided.]

*Royalty Network* at 1356

> Georgia's anti-SLAPP statute is intended to protect its citizens from
> having their important First Amendment rights to free speech and to
> petition the government **chilled by the threat of being dragged into
> onerous judicial proceedings by improper or abusive tort claims.**
> *See Atlanta Humane Soc'y v. Harkins,* 278 Ga. 451, 603 S.E.2d 289,
> 292 (2004) ("[T]he purposes of Georgia's anti-SLAPP statute are to
> encourage citizen participation in matters of public significance
> through the exercise of the right of free speech and the right to
> petition the government for redress of grievances, and to prevent their
> valid exercise from being chilled through **abuse of the judicial
> process."**). Forcing a defendant to wait until the conclusion of such
> proceedings to appeal the denial of a § 9–11.11.1(b) motion to dismiss
> would **subject defendants to the very judicial process and chilling
> effects the state legislature intended to curtail, thus imperiling the**

**important First Amendment interests at the heart of the statute.**
*Cf. Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49
L.Ed.2d 547 (1976) ("The loss of First Amendment freedoms, for
even minimal periods of time, unquestionably constitutes irreparable
injury."). [Emphasis provided.]

*Royalty Network* at 1357; see also *White v. Lee*, 227 F.3d 1214, 1226-1228
(9th Cir. 2000); and *Hampton Bays Connections, Inc. v. Duffy*, 127 F. Supp.
2d 364 (E.D.N.Y. 2001).

This appeal puts Rule 11 to the test for citizens' First Amendment

protections from SLAPP actions filed in federal court. Each and every

allegation made by the Developer Appellees of the Private Party Appellants'

acts complained of are on their face protected by the First Amendment *right*

*to free speech* and *right to present grievances to government officials.*

Developer Appellees' specific allegations are found within the "Factual

Background" section of their Amended and Restated Complaint (Doc. 19, ¶¶

12-60), given that the rest of the Amended Complaint (Claims I – V and

Prayer for Damages sections) contains only generic allegations or legal

conclusions. For the convenience of the District Court, the Private Party

Appellants distilled the Developer Appellees allegations to their factual

content, sorted them by direct acts attributed by the Appellees to the Private

Party Appellants, and listed them in chronological order. Doc. 62 at 9-11

(Exh. 1)[Outline of Allegations Against Private Party Defendants & First

Amendment Protections]. The Developer Appellees did not dispute the factual accuracy of the noted Outline of Allegations.

All allegations made against the Private Party Appellants relate entirely to said Appellants' opposition to the Appellees' attempts to subdivide and develop their property within the Druid Hills Historic District without first obtaining a Certificate of Appropriateness from the DeKalb County Historic Preservation Commission. Id. In sum and substance, the Appellees' allegations are that the Appellants DHCA and MacGregor expressed their opposition through (1) appearances before DeKalb County's lower tribunals, (2) appearances before or filings in DeKalb County Superior Court, or (3) requests made of DeKalb County officials or employees. Id. Thus, not only was it **frivolous** for the Developer Appellees to file their federal claims based upon allegations of the Private Party Appellants' conduct protected by the First Amendment, as discussed earlier in this brief, but also the fact that all allegations against the Private Party Appellants relate to First Amendment protected conduct objectively and inescapably reveals the **improper purpose** of the Developer Appellees' federal claims.

This Court reversed a district court's denial of defendant's Rule 11 motion under an abuse of discretion standard and found that both the plaintiff and his attorney had filed claims for an improper purpose in

*Pelletier v. Zweifel*, 921 F.2d 1465, 1515 (11th Cir. 1991), *abrogated on other grounds United States v. Holzendorf*, 576 F. App'x 932, 936 (11th Cir. 2014). In doing so, this Court provided guidance for determining the existence of an improper purpose under Rule 11 in the absence of an express admission:

> Where, as here, we have no direct evidence of the party's and counsel's state of mind, we must **examine the circumstantial evidence at hand and ask, objectively, whether an ordinary person standing in the party's or counsel's shoes would have prosecuted the claim.** [ ] On the record available to us, we find strong circumstantial evidence that [the plaintiff] and [his counsel] brought this RICO suit for an improper purpose... [T]hey acted in bad faith. [Emphasis provided.]

*Pelletier* at 515; see also *Pelletier v. Zweifel*, 987 F.2d 716, 716 (11th Cir. 1993)[again reversing district court's denial of Rule 11 sanctions and directing Rule 11 sanctions be entered in a specific amount].

As in *Pellitier*, one would of course not expect the improper purpose of their federal claims to be expressly acknowledged by the Developer Appellees and their counsel. Here, they also do not. Instead, in their initial response to the Private Party Appellants Rule 11 Motion, the Developer Appellees' only response to the Rule 11 assertion of improper purpose was the succinct statement that "[t]here has certainly been no attempt to harass anyone." Doc. 56 at 3. Later, the Developer Appellees baldly asserted that they actually "have not alleged that Defendants are liable under 42 U.S.C. § 1983 for conduct protected by the First Amendment," but the Appellees

completely failed to specify any allegation they made against the Private Party Appellants which is not protected by the First Amendment.  Doc. 61-1 at 2.  These blanket denials do not obscure the improper purpose of the Developer Appellees and their counsel's federal claims, particularly given that **such claims were *expressly* and *exclusively* based upon the Private Party Appellants' acts which were undeniably an exercise of their right to free speech and right to present grievances to government officials**.  Accordingly, the improper purpose of chilling and retaliating for the Private Party Appellants' exercise of their First Amendment rights by the Developer Appellees and their counsel's deliberate filing and dogged pursuit of frivolous federal claims is plain and palpable.

## CONCLUSION

For the foregoing reasons, the Private Party Appellants respectfully request that this Court reverse the District Court's denial of their Section 1988 and Rule 11 Motions, holding that that said ruling (1) was legal error because the Developer Appellees' mere desire to bind the Appellants to the outcome of an action cannot be a substantively valid legal reason to name a any person as a party defendant in a lawsuit, (2) was an abuse of discretion because the four independently dispositive defects amply demonstrate the frivolous nature of the Developer Appellees' federal claims for Section 1988

and Rule 11(b)(2) purposes, and (3) was an abuse of discretion because the improper purpose of the Developer Appellees' federal claims are unavoidably apparent when one examines said claims' allegations, as they expressly and exclusively targeted the very type of actions of the Private Party Appellants that the First Amendment is intended to protect, and when one then recognizes that it is precisely this type of use of the federal courts that Rule 11(b)(1) was intended to deter.

Respectfully submitted this 10th day of September, 2015.

Goodman McGuffey Lindsey & Johnson, LLP
*Attorneys for*
*Druid Hills Civic Association, Ind.*
*and Robert Bruce MacGregor, III*

By: */s/ROBERT A. LUSKIN*
ROBERT A. LUSKIN
GA State Bar No.: 004383
rluskin@gmlj.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone: (404) 264-1500
Fax: (770) 423-4199

Downey & Cleveland, LLP
*Attorneys for*
*Robert Bruce MacGregor, III*

*/s/RUSSELL B. DAVIS*
RUSSELL B. DAVIS
GA State Bar No.: 212660
davis@downeycleveland.com
288 Washington Avenue
Marietta, GA 30060
Phone: (770) 422-3233

Law Offices Of
Robert H. Benfield, Jr.
*Attorney for*
*Druid Hills Civic Association, Inc.*

By: /s/Robert H. Benfield, Jr.
ROBERT H. BENFIELD, JR.
GA State Bar No.: 050155
rhb@benfieldlaw.com
3445 Peachtree Road, N.E.
Suite 425
Atlanta, Georgia 30326
Phone: (404) 846-2121
Fax:    (404) 261-0024

## CERTIFICATE OF COMPLIANCE

This is to certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(7). This brief is submitted in 14-point Times New Roman font, and it contains 9,867 words. So certified this 10th day of September, 2015.

LAW OFFICES OF
ROBERT H. BENFIELD, JR.

By:  /s/Robert H. Benfield, Jr.
      ROBERT H. BENFIELD, JR.
      Georgia State Bar No. 050155
      rhb@benfieldlaw.com
      Attorney for Appellant
      Druid Hills Civic Association

3445 Peachtree Road, N.E.
Suite 425
Atlanta, Georgia 30326
Telephone 404-846-2121
Fax 404-261-0024

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing

Corrected Brief of Appellants with the Clerk of Court for the United States

Court of Appeals for the Eleventh Circuit and that I have this date served a

copy of

## CORRECTED BRIEF FOR APPELLANTS

upon the below listed parties by placing a copy of same in the United States

Mail, postage prepaid, addressed as follows:

James L. Ford, Sr., Esq.
James Lee Ford, P.C.
6111 Peachtree Dunwoody road
Building G, Suite 100
Atlanta, GA 30328

Robert A. Luskin, Esq.
Rachel E. Hudgins, Esq.
Goodman, McGuffey, Lindsey & Johnson, LLP
3340 Peachtree Road, NE, Suite 2100
Atlanta, GA 30326-1084

Russell B. Davis, Esq.
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, Georgia 30060-1997

This 10th day of September, 2015.

LAW OFFICES OF
ROBERT H. BENFIELD, JR.

By: /s/Robert H. Benfield, Jr.
ROBERT H. BENFIELD, JR.
Georgia State Bar No. 050155
rhb@benfieldlaw.com
Attorney for Appellant
Druid Hills Civic Association